1  AMBERLY A. MORGAN (Bar No. 273891)
   Amberly.Morgan@huschblackwell.com
2  JENNIFER N. HINDS (Bar No. 301804)
   Jennifer.Hinds@huschblackwell.com
3  HUSCH BLACKWELL LLP
   300 South Grand, Suite 1500
4  Los Angeles, CA 90071
   *Telephone:*  213.337.6550
5  *Facsimile:*  213.337.6551

6  Attorneys for Defendant
   ROADRUNNER TRANSPORTATION
7  SERVICES, INC.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRISELDA JAUREGUI, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT ROADRUNNER TRANSPORTATION SERVICES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Roadrunner Transportation Services, Inc. ("Defendant") by and through its counsel, invokes this Court's jurisdiction under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a) and (b), and 1446, and removes this action from the Superior Court of the State of California for the County of Los Angeles. As grounds for removal, Defendants state as follows:

## PROCEDURAL BACKGROUND

1. On February 22, 2021, Plaintiff Griselda Jauregui ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California for the County of Los Angeles, *Griselda Jauregui v. Roadrunner Transportation Services, Inc.*, Case No.: 21STCV12728 which sets forth the following causes of action: (1) Violation of California Labor Code §§510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code §226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194, 1197 & 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§201 & 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code §§204 (Wages Not Timely Paid During Employment); (7) Violation of California Labor Code §226(a) (Non-Compliant Wage Statements); (8) Violation of Labor Code §1174(d) (Failure to Keep Requisite Payroll Records); (9) Violation of Labor Code §§2800 and 2802 (Unreimbursed Business Expenses); (10) Violation of Business and Professions Code §§17200, *et seq.* (the "Complaint").

2. Plaintiff served the Summons and Complaint, and related court documents on Defendant on May 6, 2021. Copies of the Summons, Complaint and all other related court documents served upon Defendant, are attached to the Declaration of Aimee Foreman as **EXHIBIT A**. The Superior Court served a Notice of Assignment and entered a Minute Order staying the case, on April 2, 2021 and April 22, 2021, respectively. The Notice and Minute Order are attached to the Declaration of Aimee Foreman as **EXHIBIT B**. Defendant filed a answer to the Complaint on June 7, 2021. The Answer is attached to the Declaration of Aimee Foreman as **EXHIBIT C**. The Exhibits A-C constitute all the process, pleadings and orders served upon Defendant and filed with the court in this case to date. The Complaint is included at page 1 through 27, of **EXHIBIT A**.

3. Defendant filed an Answer to the Complaint on June 7, 2021. A copy

1. of the answer is included with **EXHIBIT A** as page 31 through 40.

2. 4. The undersigned counsel certifies that a copy of this Notice of Removal and all supporting documents will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. § 1446(d).

3. 5. Venue for this action lies in the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1441 because this is the judicial district embracing the place in which the action was filed and where the case is pending.

4. 6. This Notice of Removal has been filed within thirty (30) days after the Defendants were served with a copy of the Summons and Complaint upon which this action is based. This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

**JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

7. Under CAFA, a defendant has a right to remove a state court action to a federal district court where the district has original jurisdiction over the action. 28 U.S.C. § 1441.

8. "The district courts shall have original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332 (d)(2)(A).

9. The district courts have original jurisdiction where the proposed class involves 100 or more members or where the primary defendants are not States, State Officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

**A. DIVERSITY OF CITIZENSHIP EXISTS.**

10. Under CAFA, diversity of citizenship is met when any member of the class is a citizen of a state different from any defendant. 28 U.S.C. § 1332 (d)(2)(a).

11. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

12. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

13. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

14. Plaintiffs are citizens of the state of California.

15. Roadrunner Transportation Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Downers Grove, Illinois. See Exhibit B, Foreman Decl., ¶ 3. As a result, Defendant is a citizen of Delaware and Illinois.

16. Because Plaintiffs are citizens of California and Defendant is a citizen of Delaware and Illinois, compete diversity exists for purposes of 28 U.S.C. § 133(a)(1).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.**

17. Pursuant to CAFA, the amount in controversy must exceed the value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332 (d)(2).

18. In determining whether the amount in controversy exceeds $5,000,000, "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 554 (2014)). Evidence establishing the amount is only required when the plaintiff contests, or the court questions, the defendant's allegation. *Dart,* 135 S.Ct. at 554.

19. In measuring the amount in controversy, a court must assume that the plaintiff will prevail on each of his/her claims. *Roth v. Comerica Bank,* 799 F.

4

Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaints, not what a defendant will actually owe." (quotation omitted)).

20.  Here, the Complaint is silent as to the amount in controversy for each claim, and Defendants must only make a plausible allegation of the amount in controversy. Defendants deny that they owe Plaintiffs any damages alleged in their Complaint.

### i.  *Plaintiffs' Proposed Class.*

21.  Plaintiffs' proposed class consists of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California." Compl. ¶ 13.

22.  During the class period, Defendant employed approximately 798 hourly, non-exempt employees in California. Foreman Decl. ¶ 5.

### ii.  *Violation of California Labor Code §§510 and 1198 (Unpaid Overtime).*

23.  California law provides that , "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510. The limitations period for claims for unpaid overtime wages is three years. Cal. Code Civ. Proc. § 338(a).

24.  Plaintiff alleges she "and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week. Compl. ¶ 52.

25.  Plaintiff seeks unpaid overtime compensation, interest, costs and attorneys' fees for these alleged violations. Compl. ¶ 55.

26.  Plaintiff fails to allege the amount of allegedly unpaid overtime. However, her allegation that "Defendants intentionally and willfully failed to pay

overtime wages to Plaintiff and the other class members" (compl. ¶ 54), suggests that Plaintiff will argue overtime wages were never paid.

27.  Assuming a three-year limitations period for this claim, Plaintiff's complaint encompasses 156 workweeks. On information and belief, Defendant employed an average of 165 individuals at any one time. The average hourly base rate of pay was $16.11. Conservatively assuming that a single hour of overtime for each employee was unpaid during the limitations period, this cause of action places - $622,007.10 of allegedly unpaid wages in controversy [($16.11 x 1.5) x 165 employees x 156 weeks)].

28.  Labor Code section 218.6 provides "[i]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at [10% interest], which shall accrue from the date that the wages were due and payable . . .." *See also* Cal. Civil Code § 3289. Prejudgment interest on backpay awards is calculated from the date the employee sustains monetary injury. Interest is recoverable on each salary or pension payment from the date it was due. *Currie v. Workers' Comp. Appeals Bd.* (2001) 24 Cal. 4th 1109, 1115.

29.  Conservatively estimating only two years' of interest for the class (*i.e.* starting from the last date of Plaintiff's employment as alleged in the Complaint (April 2020) when past wages for the entire class would have accrued, rather than from each alleged incremental failure to pay from the beginning of the limitations period (April 2018)) through final judgment in this case (which would be unlikely to occur prior to April 2022), interest would equal *$124,401.42*.

30.  Accordingly, the total amount in controversy for this cause of action is at least **$746,408.52**.

    **iii.**    ***Violation of California Labor Code §§226.7 and 512(a) (Unpaid Meal Period Premiums)***

31.  California law dictates the number, length, and timing of meal periods that employers must provide. Cal. Lab. Code § 512(a). For every meal period that

an employer fails to provide in accordance with the requirements of the labor code or applicable wage orders, the employer must pay one additional hour of pay at the employee's regular rate of compensation. Cal. Lab. Code § 226.7(c).

32. The statute of limitations for claims for inadequate meal periods is three years. *Murphy v. Kenneth Cole Prods., Inc.,* 155 P.3d 284, 287 (Cal. 2007). Thus, the relevant time period for this claim is March 8, 2014 through the present. Defendant conservatively estimated the damages for this claim based on data for the Included Class Members from March 8, 2014 to February 22, 2016.

33. Plaintiff further alleges, "[d]uring the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods." Compl. ¶¶ 63, 64.

34. Plaintiff alleges, "[d]uring the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours and who did not waive their legally-mandated meals periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period." Compl. ¶ 62.

35. Plaintiff seeks an additional hour of pay for each work day that the meal or rest period was not provided. Compl. ¶ 66.

36. Plaintiff fails to explicitly indicate how often Defendant failed to provide meal periods. However, Plaintiff alleges that Defendant "engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California." Compl. ¶ 25. Given Plaintiffs' allegations, it is reasonable to assume that Plaintiffs claim Defendants provided either a short or a late first meal period on at least one shift per workweek in which the employees worked five shifts or more of five hours or more. On information

7

and belief, during the relevant time period, the putative class members worked 25,740 workweeks of five or more shifts of five or more hours. Those employees earned an average hourly rate of $16.11. Foreman Decl. 5. Thus, Plaintiff's second cause of action places at least **$414,671.40** in controversy (25,740 workweeks x $16.).

    ***iv.***     ***Violation of California Labor Code §226.7 (Unpaid Rest Period Premiums)***

    37.     Like meal periods, California law dictates the number, length, and timing of rest periods that employers must provide for their employees. IWC Order 1-2001, § 12(A). Also like meal periods, for every rest period that an employer fails to provide in accordance with the requirements of the labor code or applicable wage orders, the employer must pay one additional hour of pay at the employee's regular rate of compensation. Cal. Lab. Code § 226.7(c).

    38.     The statute of limitations for claims for inadequate rest periods is three years. *Murphy,* 155 P.3d at 287.

    39.     Plaintiff alleges, "[d]uring the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked." Compl. ¶ 71. Plaintiff further alleges, "[d]uring the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods." Compl. ¶ 72.

    40.     Plaintiff seeks an additional hour of pay for each class member at the class member's regular hourly rate of pay for each workday that a rest period was not provided. Comp. ¶ 75.

    41.     Given Plaintiffs' allegations, it is reasonable to assume that Plaintiffs claim Defendants failed to provide at least one duty-free rest period on at least one shift per workweek in which they worked five shifts or more of 3.5 hours or more.

On information and belief, during the relevant time period, the putative class members worked 25,740 such workweeks and those employees earned an average hourly rate of $16.11 during those workweeks. Thus, Plaintiffs' third cause of action places at least **$414,671.40** in controversy. (25,740 workweeks x $16.11 per hour).

### v. Violation of California Labor Code §§ 1194, 1197 & 1197.1 (Unpaid Minimum Wages)

42. Plaintiff alleges, "[d]uring the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1 Comp. ¶ 78.

43. Plaintiff seeks "to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon" pursuant to California Labor Code sections 1194, 1197 and 1197.1. Comp. ¶¶ 79-81.

44. Conservatively assuming a single violation (*i.e.* one hour of unpaid worktime as alleged in Plaintiff's meal period cause of action) per employee per workweek, based on the average hourly rate of $16.11 per hour (*see* Foreman Decl. ¶ 5), and assuming an average of 165 employees employed at any given time during the limitations period, the alleged unpaid wages associated with this claim would be *$414,671.40* [($16.11/hour x 165 employees = $2658.15) x (156 workweeks during the three year limitations period) = $414,671.40]. The liquidated damages sought by this claim are equal to the unpaid wages *$414,671.40*.

45. Further, Labor Code section 218.6 provides "[i]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at [10% interest], which shall accrue from the date that the wages were due and payable . . .." *See also* Cal. Civil Code § 3289. Prejudgment interest on backpay awards is calculated from the date the employee sustains monetary injury. Interest is recoverable on each salary or pension payment from the date it was due. *Currie v.*

*Workers' Comp. Appeals Bd.* (2001) 24 Cal. 4th 1109, 1115. = $41,467.14. Conservatively estimating only two years' of interest for the class (*i.e.* starting from the last date of Plaintiff's employment as alleged in the Complaint (April 2020) when past wages for the entire class would have accrued, rather than from each alleged incremental failure to pay from the beginning of the limitations period (April 2018)) through final judgment in this case (which would be unlikely to occur prior to April 2022), interest would equal *$82,934.28* [($414,671.40 x 10%) x 2].

46. Plaintiff also seeks "to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages." Conservatively assuming each putative class member could only recover for two violations, the penalties sought by Plaintiff are at least *$236,700* [($100 x 789 putative class members = $78,900) + ($200 x 798 class members = $157,800)].

47. Based on the foregoing conservative estimates, the total amount in controversy for this claim is at least **$1,148,977.08**.

    **vi.**    ***Violation of California Labor Code §§201 & 202 (Final Wages Not Timely Paid)***

48. If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

49. A three-year statute of limitations applies to a worker's claim for "waiting time" penalties (without an accompanying claim for unpaid wages) for late payment of final wages under Lab.C. § 203. *Pineda v. Bank of America, N.A.,* 50 Cal. 4th 1389, 1392 (2010).

50. No controlling law provides how such "wages" constituting the penalty

are to be calculated.  Plaintiff will argue that penalty wages should generally include all forms of compensation regularly received, including, for example, vacation pay and nondiscretionary bonuses.  Employers may argue that the penalty wages must be computed by reference to daily straight-time pay. *Mamika v. Barca,* 68 Cal. App. 4th 487, 493 (1998) ("the critical computation required by section 203 is the calculation of a daily wage rate").

51. Plaintiff alleges "[d]uring the relevant time period, Defendants intentionally· and willfully failed to pay Plaintiff and the other class members who are no longer employed by ·Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ" and "Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is a violation of California Labor Code sections 201 and 202."  Compl. ¶¶ 84, 85. More specifically, Plaintiff alleges "[d]uring the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required pursuant to California Labor Code sections 1194,1197 and 1197.1. Compl. ¶ 78.

52. Given the foregoing allegations, it is reasonable to assume that Plaintiff alleges each employee who left Defendant's employ was owed unpaid minimum wages of one or more hours.

53. Based on an average hourly rate of $16.11, the average daily wage of the putative class members is $128.88 ($16.11 x 8 hours) and the total penalty with respect to each proposed class member is $3,866.40 ($128.88 x 30 days).

54. Accordingly, the total amount placed in controversy by Plaintiff's fifth cause of action is at least **$2,505,427.20** [$3,866.40 x 648 employees (798 total potential class members less 150 current employees)].

   **vii.**  ***Violation of California Labor Code §§204 (Wages Not Timely Paid During Employment)***

  55. California law dictates that labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. Cal. Lab. Code § 204(a). All wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. *Id.* §204(c).

  56. Plaintiff alleges that "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204. Plaintiff seeks "all remedies available" for these alleged violations. Compl. ¶ 93.

  57. California law provides that any person who violates Labor Code Section 2014 will be subject to a penalty of one hundred dollars ($100) for each initial violation and two hundred ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. Cal. Lab. Code § 210. The penalty shall either be recovered by the employee as a statutory penalty pursuant to Section 98 or by the Labor Commissioner as a civil penalty through the issuance of a citation or pursuant to Section 98.3. *Id.* Therefore, Plaintiff cannot recover anything for the alleged violation of section 204 in this action.

   **viii.**  ***Violation of California Labor Code §226(a) (Non-Compliant Wage Statements)***

  58. Employers are required to provide an accurate, itemized statement in writing each pay period detailing, among other things, all wages earned, hours worked, and all applicable hourly rates in effect during that period. Cal. Lab. Code § 226(a).

  59. If an employer violates any of the provisions in § 226, each individual

12

DEFENDANT ROADRUNNER TRANSPORTATION SERVICES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
HB: 4830-2661-8349.2

employee is entitled to $50.00 for the initial pay period in which a violation occurred and $100.00 for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00 per employee. Cal. Lab. Code § 226(e)(1). An individual employed for at least 41 pay periods wherein each wage statement contained inaccurate information would be entitled to a statutory maximum penalty of $4,000.00. *Moppin v. Los Robles Reg'l Med. Ctr.,* 2015 WL 5618872, at *2 (C.D. Cal. May 21, 2015).

60.  The statute of limitations for a § 226 claim is one year. Cal. Civ. Proc. Code § 340. Therefore, the relevant time period for this claim is April 2, 2020 to present.

61.  Plaintiff alleges Defendant violated section 226 by failing to "include the total number of hours worked by Plaintiff and the other class members." Compl. ¶ 96.

62.  Given that the alleged inaccuracies in the wage statements provided to the putative class members by Defendant are alleged to be derivative of Plaintiff's other claims as outlined herein, it is reasonable to assume a 100% violation rate for this claim. However, Defendant will instead conservatively assume a 25% violation rate.

63.  On information and belief, 165 employees, between April 2, 2020 to present, allegedly received forty-one or more allegedly deficient wage statements and are therefore entitled to a maximum penalty of $4,000.00, thus placing $660,000.00 in controversy. However, even assuming a 25% violation rate (unreasonable low given the derivative nature of this claim), the amount placed in controversy is at least **$165,000.00**.

   ix.   *Violation of Labor Code §1174(d) (Failure to Keep Requisite Payroll Records)*

64.  California law requires employers to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll

records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments." Cal. Lab. Code § 1174. These records shall be kept on file for not less than three years. *Id.*

### x.     *Attorney's Fees.*

65.     Further, Plaintiffs' Complaint alleges a claim for "reasonable attorneys' fees". Compl. ¶ 56.

66.     Ninth Circuit law firmly establishes that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007).

67.     Ninth Circuit law permits the inclusion of attorneys' fees equal to 25% of the potential recovery, based on the benchmark rate for reasonable attorneys' fees awards in class actions. *See Garibay v. Archstone Communities LLC,* 539 F. App'x 763, 764 (9th Cir. 2013).

68.     Given the calculations described above, and without considering Plaintiff's claims for failure to keep requisite employment records and for unreimbursed business expenses, the Complaint places at least $5,395,155.60 in controversy before adding attorneys' fees. Thus, Plaintiffs' request for attorneys' fees places an additional **$1,348,788.90** in controversy. (25% x $5,395,155.60).

### C.     TOTAL AMOUNT IN CONTROVERSY.

69.     Accordingly, the total amount placed in controversy by Plaintiff's Complaint is in excess of the jurisdictional minimum of $5,000,000.00 as summarized below.

| Overtime | $746,408.52 |
|---|---|
| Meal Period Premiums | $414,671.40 |
| Rest Period Premiums | $414,671.40 |
| Minimum Wages | $1,148,977.08 |

| Final Wages Untimely | $2,505,427.20 |
| --- | --- |
| Wage Statement Violations | $165,000.00 |
| Attorney's Fees | $1,348,788.90 |
| **Total:** | $6,743,788.90 |

## CONCLUSION

70. **WHEREFORE**, the Defendant respectfully removes this action now pending in the Superior Court of California in and for Los Angeles County to the United States District Court for the Central District of California, Central Division.

71. In the event that this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

Dated: June 7, 2021                HUSCH BLACKWELL LLP


By:   /s/ *Amberly A. Morgan*
          AMBERLY A. MORGAN
          JENNIFER N. HINDS

Attorneys for Defendant
ROADRUNNER TRANSPORTATION SERVICES, INC.

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand, Suite 1500, Los Angeles, CA 90071.

On June 7, 2021, I served a true copy of the following document described as:

**DEFENDANT ROADRUNNER TRANSPORTATION SERVICES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

on the interested parties in this action as follows:

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY U.S. MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the document(s) in a sealed envelope, postage fully paid, addressed as follows:

LAWYERS *for* JUSTICE, PC
EDWIN AIWAZIAN
410 West Arden Avenue, Suite 203
Glendale, CA 91203

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 7, 2021, at Los Angeles, California.

_____
JULIE DEKHTYAR

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

PROOF OF SERVICE

HB: 4830-2661-8349.2