UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Jauregui v. Roadrunner Transportation Services, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Jennifer Graciano | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**   **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 9]**

## I. INTRODUCTION

Griselda Jauregui ("Plaintiff") initiated this action against her employer, Roadrunner Transportation Services, Inc. ("Defendant"), on April 2, 2021, in Los Angeles Superior Court. Plaintiff's Complaint arises from alleged wage and hour violations committed by Defendant during the course of her employment. Plaintiff's Complaint asserts ten causes of action for violations of California law, including: (1) Labor Code §§ 510 and 1198 (unpaid overtime); (2) Labor Code §§ 226.7 and 512(a) (unpaid meal premiums); (3) Labor Code § 226.7 (unpaid rest period premiums); (4) Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) Labor Code §§ 201 and 202 (final wages not timely paid); (6) Labor Code § 204 (wages not timely paid during employment); (7) Labor Code § 226(a) (non-compliant wage statements); (8) Labor Code § 1174(d) (failure to keep requisite payroll records); (9) Labor Code § 2800 and 2802 (unreimbursed business expenses); and (10) Business & Professions Code §§ 17200 *et seq*. Plaintiff seeks to represent a class of all current and former hourly or non-exempt employees who worked for Defendant within California (and who live within California) at any time during the period from four years preceding the filing of the Complaint to final judgment.

On June 7, 2021, Defendant answered Plaintiff's Complaint. The same day, Defendant removed the action to federal court, claiming diversity jurisdiction under the Class Action Fairness Act ("CAFA"). On July 7, 2021, Plaintiff filed the instant Motion to Remand, arguing that Defendant has not established that the amount in controversy exceeds the $5 million minimum required by CAFA. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Jauregui v. Roadrunner Transportation Services, Inc.* | | |

## II.   FACTUAL BACKGROUND

Plaintiff was employed as an hourly-paid, non-exempt employee from approximately June 2014 to April of 2020. She alleges that during this time, Defendant engaged in a "pattern and practice" of wage abuse against its employees, including by failing to pay them for all regular and/or overtime wages earned and for missed meal and rest breaks. Plaintiff alleges that this resulted in late payments of earned wages, failure to pay all wages earned and unpaid upon termination, and failure to provide accurate and complete wage statements.

## III.   JUDICIAL STANDARD

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. However, courts "strictly construe the removal statute against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always bears the burden of establishing that removal is proper. *Id.*

The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction."). Although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Under CAFA, district courts are vested with original jurisdiction over putative class actions where: (1) the amount in controversy exceeds $5 million; (2) the class members number at least 100, and; (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. § 1332(d)(2) and (d)(5).

The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely, that the amount in controversy is satisfied and that there is diversity among the parties. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682, 685 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus*, 980 F.2d at 566–67 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## IV.   DISCUSSION

Plaintiff moves to remand this case to state court on the grounds that Defendant has failed to establish that the amount in controversy exceeds $5 million. For the reasons that follow, the Court concludes that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the $5 million minimum required by CAFA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | ***Jauregui v. Roadrunner Transportation Services, Inc.*** | | |

A removing party's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* at 88. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.*; *see* 28 U.S.C. § 1446(c)(2)(B). The burden of proof as to the amount in controversy lies with the removing defendant. Where a dispute exists, "the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Dart Cherokee*, 574 U.S. at 89 (quoting H.R.Rep. No 112–10, p. 16 (2011)).

"Along with the complaint, [the court] considers allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). When the plaintiff disputes that the amount in controversy is satisfied, "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy the removing party's burden of proof. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). However, in addressing the amount in controversy, a removing defendant is permitted to rely on "a chain of reasoning that includes assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1199). Such assumptions cannot be pulled from thin air and must be based on reasonable grounds. *Id.* An assumption may be reasonable if it is founded on the allegations of the complaint. *Id* at 1198–99.

      **A.**      **Declaration of Camisha Washington**

In support of its assertion that the amount in controversy exceeds $5 million, Defendant relies almost exclusively on the declaration of Camisha Washington, Defendant's Senior Payroll Lead. Plaintiff contests the sufficiency of Washington's declaration and the calculations of the amount in controversy contained therein. Plaintiff contends that the declaration is speculative, ambiguous, fails to explain where the estimated values it sets forth come from, and should therefore be disregarded. (Reply at 4–5, ECF No. 18.) The Court need not address this argument, however, because even upon consideration of Washington's declaration, the Court finds that Defendant has failed to meet its burden of establishing that the amount in controversy exceeds $5 million.

      **B.**      **Amount in Controversy**

Defendant contends that, based on its payroll data and the allegations set forth in Plaintiff's Complaint, the amount in controversy is $14,780,377.06. For the reasons outlined below, the Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | ***Jauregui v. Roadrunner Transportation Services, Inc.*** | | |

that Defendant has not established that the amount in controversy is $14,780,377.06, or even that the amount in controversy exceeds $5 million. Therefore, Defendant has failed to establish that the amount in controversy exceeds the jurisdictional minimum and Plaintiff's Motion to Remand is **GRANTED**.

        **i.**        **Plaintiff's Minimum Wage Claim**

The Court begins its analysis with Plaintiff's minimum wage claim, as Defendant contends that this claim alone puts more than $5 million in controversy. (Opp. at 10–11, ECF No. 15.) Plaintiff brings this claim on behalf of herself and the putative class, alleging Defendant failed to pay them minimum wages in violation of California Labor Code §§ 1194 and 1197. Plaintiff further alleges that, pursuant to California Labor Code § 1194.2, she and the other class members are entitled to recover liquidated damages in an amount equal to the unpaid minimum wages, and pursuant to California Labor Code § 1197.1, they are entitled to recover additional penalties for the failure to timely pay said wages. (Compl. at ¶¶ 76–81.)

To calculate the amount in controversy for this claim, Defendant assumes that one hour of wages per workweek went unpaid. Using the figures provided by Washington in her declaration, Defendant calculates the amount based upon 63,431 workweeks in the relevant time period at an average hourly rate of $16.22, totaling $1,028,850.82. Defendant then doubles this amount to account for the liquidated damages, making for a total of $2,057,701.64. Finally, Defendant asserts that based on only an initial violation for each class member, penalties for this claim amount to $3,171,550. Taking together the unpaid minimum wages, liquidated damages, and associated penalties, Defendant asserts that the amount in controversy for this claim is $5,229,251.64.

The Court finds Defendant's calculation unreasonable. This claim is for unpaid minimum wages, and Defendant calculates the amount in controversy using an average hourly rate of $16.22, a figure several dollars higher than the current minimum wage. The minimum wage in California during the statutory period for employers with 26 employees or more was as follows: 2017—$10.50 per hour, 2018—$11.00 per hour, 2019—$12.00 per hour, 2020—$13.00 per hour, 2021—$14.00 per hour. *See* Cal. Dep't. of Indus. Rel. Lab. Comm'r Office, Minimum Wage Frequently Asked Questions, https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last visited September 8, 2021). The Court therefore finds Defendant's assertion that Plaintiff's minimum wage claim puts $5,229,251.64 in controversy to be a gross over-calculation and without basis in fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Jauregui v. Roadrunner Transportation Services, Inc.* | | |

      **ii.**      **Plaintiff's Overtime Claim**

    Plaintiff seeks unpaid overtime wages, arguing that she and other class members worked in excess of eight hours a day and/or forty hours in a week without overtime compensation for all overtime hours worked. (Compl. ¶ 52.)

    Defendant's supporting declaration states that there were approximately 17,437 hours of potentially unpaid overtime during the limitations period, and that Plaintiff and putative class members had an average hourly rate of pay of $16.22. (Opp. at 9–10.) Defendant uses these figures to calculate an amount in controversy for unpaid overtime premiums totaling $141,580.00: ($16.22 x .5) x 17,437. Defendant's proffered calculation yields a sum of $141,414.07—nonetheless, the Court finds this estimate reasonable.

    Defendant then attempts to expand this category to include missed meal and rest breaks, arguing that the missed breaks resulted in off-the-clock work and thus qualify for overtime. The Court disagrees. The California Department of Industrial Relations provides:

> If an employer fails to provide an employee a meal period in accordance with an applicable IWC Order, the employer must pay one additional hour of pay at the employee's regular rate of pay for each workday that the meal period is not provided . . . This additional hour is not counted as hours worked for purposes of overtime calculations.

*See* Cal. Dept. of Indus. Rel., Frequently Asked Questions Regarding Wage and Hour Laws: Meal Periods, https://www.dir.ca.gov/dlse/FAQ_MealPeriods.html (last visited September 8, 2021); *see also Naranjo v. Spectrum Sec. Serv., Inc.*, 40 Cal. App. 5th 444, 474 (2019) (finding "[s]ection 226.7's premium wage is a statutory remedy for an employer's conduct, not an amount 'earned' for 'labor, work, or service . . . performed personally by the [employee].'")

    Because there is a separate remedy for missed meal and rest breaks, and those hours do not qualify for overtime pay, the Court declines to include in the amount in controversy Defendant's estimate of $1,284,242.82 in unpaid overtime from missed meal breaks.

      **iii.**      **Plaintiff's Meal and Rest Break Claims**

    Plaintiff alleges that she and other class members were required to work for periods longer than five hours without a proper meal period, and for periods longer than four hours without a proper rest period. (Compl. ¶¶ 56–75.) Plaintiff also alleges that Defendant engaged in a "pattern and practice" of wage abuse against the putative class members, including by failing to pay them for the missed meal and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Jauregui v. Roadrunner Transportation Services, Inc.* | | |

rest breaks. (*Id*. at ¶ 25.) Plaintiff alleges this resulted in violations of California Labor Code §§ 226.7 and 512(a), warranting a penalty payment equal to an additional hour of pay at each employee's regular rate of compensation for each workday the break is not provided. *See* Cal. Lab. Code § 226.7(c). Additionally, Plaintiff alleges that the failure to provide meal and rest breaks was a violation of California Business & Professions Code § 17200 *et seq.*, entitling her and the other class members to restitution of wages for a four-year period preceding the filing of the Complaint. (Compl. ¶¶ 114, 117.)

Defendant uses a 25% violation rate to estimate the amount in controversy for these claims. (Opp. at 13.) Defendant's supporting declaration states that during the statutory period putative class members worked 225,218 shifts of five or more hours (thereby warranting a meal break) and 265,589 shifts of 3.5 or more hours (thereby warranting a rest break). The Court finds Defendant's calculations reasonable. Courts have found that a 20% violation rate for missed meal and rest breaks (*i.e.*, one missed rest break and one missed meal break per employee per week) is reasonable where the plaintiff alleged "occasional failure" to provide such breaks. *See, e.g.*, Luna v. Pronto Cal. Gen. Agency, LLC, et al., No. 2:20-cv-05223-RGK-KS, 2020 WL 4883879, at *3, n.1 (C.D. Cal. Aug. 19, 2020). As the language "pattern and practice" in Plaintiff's Complaint implies more violations than "occasional failure," the Court finds Defendant's assumption of a 25% violation rate as applied to these claims to be reasonable.

Accordingly, the Court accepts Defendant's estimates of $913,258.99 for missed meal breaks and $1,076,963.40[1] for missed rest breaks.

### iv. Late Payment Penalties

Plaintiff alleges that Defendant intentionally failed to pay her and the other class members all wages due to them within the time periods required by California Labor Code § 204. (Compl. ¶ 92.) Under California Labor Code § 210, this would entitle the class members to a recovery of $100 for the initial violation of § 204, and $200 for every subsequent violation. (Opp. at 14.)

Defendant calculates the amount in controversy for this claim by positing that, during the one-year statutory period, 269 putative class members worked approximately 10,571 pay periods, thus arriving at a total penalty amount of $2,087,300. (*Id.*) The Court finds this unreasonable, as putative class members were paid every other week, and therefore, if all 269 class members worked every single week of the year, that would only amount to 26 pay periods per employee, 6,994 total. The Court

---

[1]  While Defendant incorrectly calculated these figures to be $1,067,963.40, the Court notes that Defendant explained its calculation using the correct variables, and thus gives it the benefit of the $9,000 it neglected to include by virtue of a typographical error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Jauregui v. Roadrunner Transportation Services, Inc.* | | |

therefore finds that Defendant has failed to establish that the amount in controversy associated with Plaintiff's claim for late payment penalties is remotely close to $2,087,300.00.

### v. Waiting Time Penalties

Plaintiff alleges that upon the termination of her employment with Defendant, Defendant intentionally and willfully failed to pay her and the other similarly situated class members their earned and unpaid wages. (Opp. at 13–14.) Accordingly, Plaintiff alleges that she and the other class members whose employment was terminated within the statutory period are owed waiting time penalties under California Labor Code §§ 201 and 202. Such penalties are assessed at a rate of one day of wages for each day the wages went unpaid, up to thirty days. *See* Cal. Lab. Code § 203.

Defendant contends that Plaintiff's claim for waiting time penalties puts $927,981.00 in controversy and that a 100% violation rate is appropriate for this claim based on Plaintiff's allegations of "policies and practices" of failing to pay overtime wages and minimum wages. (Opp. at 13.) The Court agrees that, as there are no subclasses, all putative class members allegedly suffered at least one unpaid wage or unpaid overtime claim, so Plaintiff and all of the putative class members whose employment was terminated within the statutory period are entitled to waiting time penalties. *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1125 (C.D. Cal. Aug. 31, 2010) (finding the plaintiff's allegations "suggest all class members were denied some form of proper compensation during their employment, and that the underpayment was not corrected at the end of their employment" and therefore it can be assumed they all were entitled to waiting time penalties). Defendant's supporting declaration states that the employment of 333 putative class members was terminated during the statutory period (between April 2, 2018, and the date the Complaint was filed), and that those class members worked approximately 7.3 hours per shift at a rate of $16.22 per hour. (Opp. at 14.) However, Defendant's declaration provides no evidence as to why each terminated employee is entitled to thirty days of penalties. The Court therefore declines to consider the maximum penalties for this claim. *See Garibay v. Archstone Communities LLC*, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (affirming district court's order of remand in a CAFA case where defendant's argument that all plaintiffs would be entitled to the maximum statutory penalty under § 203 was unsupported by evidence).

Accordingly, because Defendant provides no factual basis to support a finding that each terminated employee is entitled to thirty days of penalties, Defendant has failed to establish that Plaintiff's claim for waiting time penalties puts $927,981.00 in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | ***Jauregui v. Roadrunner Transportation Services, Inc.*** | | |

### vi. Wage Statements

Plaintiff alleges that Defendant intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements as required by California Labor Code § 226(a), claiming that the wage statements did not include the total number of hours worked by these employees. (Compl. ¶ 96.) Violations of this statute result in penalties of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, with a limit of $4,000 per individual. *See* Cal. Lab. Code § 226(e)(1). Claims under Cal. Lab. Code § 226(a) have a one-year statute of limitations. *See* Cal. Civ. Proc. Code § 340.

Defendant asserts that Plaintiff's wage statements claim puts $1,043,650.00 in controversy. Defendant submits a declaration stating that from April 2, 2017 to the date of removal, it employed 807 hourly, non-exempt workers in California. (Washington Decl. ¶ 6.) The declaration further states that 807 class members worked approximately 63,431 weeks during this period and were paid every other week, making 32,215 pay periods. (*Id*. at ¶ 7.) As the wage statement violations claim has a one-year statute of limitations, Defendant appears to divide those three-year figures by three to arrive at "approximately 269 putative class members [who] worked approximately 10,571 pay periods [in one year]."[2] (Opp. at 15.) The trouble with this method of calculation is that the result is impossible: there are 52 weeks in a year, making for 26 pay periods, so even if all 202[3] putative class members worked every single week of the year, this results in only 5,252 pay periods, not 10,571. Accordingly, Defendant fails to establish that the amount in controversy for Plaintiff's wage statements claim is remotely close to $1,043,650.00.

---

[2]   Defendant appears to be relying on an estimated 31,715 pay periods, not the 32,215 stated in the declaration. It is unclear where this figure is coming from. Furthermore, Defendant assumes that the figures in its own declaration cover a three-year statutory period, when in fact April 2, 2017 through the June 7, 2021 removal date spans four years. As such, the numbers from the full statutory period should have been divided by four (not three) to obtain figures for the one-year period applicable to this claim.

[3]   As noted above, the figures in Defendant's declaration span four years, and thus should have been divided by four to obtain the figures for one year.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04657-RGK-PD | Date | September 8, 2021 |
|---|---|---|---|
| Title | ***Jauregui v. Roadrunner Transportation Services, Inc.*** | | |

      **vii.**     **Plaintiff's Attorneys' Fees Claim**

     Plaintiff alleges that she and the other class members are entitled to recover attorneys' fees. (Compl. ¶¶ 55, 79, 117.) Based on this allegation, Defendant asserts that a 25% rate is appropriate to apply, making for an estimate of attorneys' fees totaling $2,144,289.21.

     While attorneys' fees awarded under fee-shifting statutes or contracts are part of the amount in controversy, a defendant is required "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," which here means summary-judgment-type evidence. *Fritsch*, 899 F.3d at 795. This burden is not relieved for class actions, and "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id*.

     Here, Defendant has provided no evidence as to the number of hours reasonably expended on the litigation, nor the hourly rate of its attorneys, nor whether Plaintiff's claims allow for contractual or statutory fee shifting. Defendant merely relies on the Court applying a 25% "benchmark" figure without further argument or analysis. Accordingly, Defendant has not met its burden to prove the attorneys' fees estimate by a preponderance of the evidence and, therefore, this amount will not be considered part of the amount in controversy.

**V.**     **CONCLUSION**

     As detailed above, Defendant has established by a preponderance of the evidence that there is $913,258.99 in controversy in connection with Plaintiff's meal periods claim, $1,076,963.40 in controversy in connection with Plaintiff's rest periods claim, and $141,414.07 in controversy in connection with Plaintiff's overtime claim. These three figures add to $2,131,636.46—well short of CAFA's $5 million jurisdictional minimum. Accordingly, the Court concludes that Defendant has failed to meet its burden to establish that the Court has jurisdiction, and therefore **GRANTS** Plaintiff's Motion and **REMANDS** this case to the state court from which it was removed.

     **IT IS SO ORDERED.**

                                                                                                                                                                          :

Initials of Preparer